# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

In re: Kevin L. Wulff,

Debtor.

Case No. 17–31982–bhl

Chapter 12

## DECISION

### INTRODUCTION

This case involves a secured creditor that failed to file timely proofs of claim. No one noticed, and, with the chapter 12 trustee's blessing, the court confirmed a plan that provided for payments to the secured creditor. Four weeks later, the trustee realized the proofs of claim were untimely and filed claim objections, seeking disallowance of the secured creditor's claims. The secured creditor and debtor responded by filing their own motions to extend the proof of claim filing deadlines.

The court will not enlarge the proof of claim filing deadlines; the legal and factual bases for doing so are questionable. But the court will nevertheless overrule the trustee's claim objections and allow the secured creditor's claims. No one, including the trustee, appealed the court's confirmation order, which therefore binds all parties to the plan's terms, including those providing for payment of the secured creditor's claims, timely filed or not. This decision memorializes and supplements the court's December 18, 2018 oral decision and December 20, 2018 minute order.

### BACKGROUND

Kevin Wulff is a "family farmer" who filed a chapter 12 bankruptcy petition on December 18, 2017. With his petition, Wulff filed a "matrix," or list of his creditors, as required by 11 U.S.C. §521(a)(1)(A). Wulff identified CNH Capital America LLC and CNH Industrial Capital America LLC (collectively CNH) on his creditor matrix. A week later, Wulff filed his bankruptcy schedules. On Official Form 106D, "Schedule D: Creditors Who Have Claims Secured by Property," Wulff again included CNH.

Unfortunately, Wulff's counsel provided an invalid address for CNH on both documents. Accordingly, when the clerk, through the Bankruptcy Noticing Center, attempted to provide notice of Wulff's bankruptcy filing to his creditors, notice did not reach CNH. Wulff's counsel was informed of the faulty address, but made no effort to correct the problem or otherwise provide notice to CNH.

As a result, CNH only learned of Wulff's bankruptcy when a CNH representative contacted Wulff about his past-due accounts in March of 2018. By that time, however, the

deadline for filing proofs of claim in Wulff's bankruptcy – February 26, 2018 – had already passed. CNH immediately filed two cross-collateralized proofs of claim, dated and docketed on March 15, 2018, as Proofs of Claim #4 and #5. Proof of Claim #4 relates to a $9,565.67 claim partially secured by a 1998 Killbros 1800 Grain Cart, which CNH valued at $8,512. Proof of Claim #5 relates to a $16,228.97 claim partially secured by a 1995 Agco 6215 Tractor, which CNH valued at $13,312.

Four days after CNH filed these proofs of claim, Wulff filed a chapter 12 plan. The plan addressed CNH's claims in section 3.5:

> **Class 5: CNH Capital America LLC/CNH Industrial Capital America LLC.** Included in this Class is the claim of ***CNH***, with a total debt of $25,794.64 secured by a General Farm Security Agreement covering particular equipment of the debtor.
>
> **Class 5 Treatment**: CNH will be paid through the trustee. The secured portion of the claims, $21,824.00, will be on a quarterly basis over the life of the plan, at 4.00% interest; quarterly payments of $1,209.38 are anticipated.

CM-ECF Doc. No. 25 (bold and italics in original).

Wulff's initial plan was not immediately confirmed. The chapter 12 trustee objected to confirmation, raising issues that had nothing to do with CNH or the untimeliness of CNH's proofs of claim. Over the next three months, Wulff filed three iterations of his plan, none of which changed the treatment of CNH's claims. The chapter 12 trustee objected to one of the proposed amendments, but, again, not on grounds related to CNH.

After some back-and-forth, the chapter 12 trustee finally reported being "satisfied" with Wulff's plan and affirmatively recommended confirmation at two different confirmation hearings. Based in part on the trustee's recommendation, the court confirmed Wulff's Third Amended Chapter 12 Plan of Reorganization on July 23, 2018.

One month later, on August 24, 2018, the chapter 12 trustee objected to CNH's proofs of claim. The trustee maintained that CNH's claims should be disallowed because they were filed after the claims bar date. CNH responded on September 28, 2018, insisting that it had filed the proofs of claim as soon as it was aware of Wulff's bankruptcy. CNH also asked the court to extend the already-expired proof of claim deadline.

The court tried to conduct a preliminary hearing on the trustee's claim objections on October 30, 2018, but no one appeared for the debtor. At a continued hearing two weeks later, Wulff's counsel appeared and asked for time to file a motion to extend the deadline set in Rule 3004 for Wulff to file proofs of claim on CNH's behalf. Over the next month, Wulff filed Proofs of Claim #7 and #8 for CNH and a motion to extend the Rule 3004 deadline. Wulff argued that an enlargement was warranted because the debtor's failure to file a proof of claim for CNH within the original time period was the result of "excusable neglect."

# ANALYSIS

The trustee contends that CNH's claims must be disallowed because CNH did not file timely proofs of claim, as required by Bankruptcy Rule 3002. Subsection (a) of Rule 3002 requires creditors to file proofs of claim to have their claims allowed:

> (a) Necessity for Filing. A secured creditor, unsecured creditor, or equity security holder must file a proof of claim or interest for the claim or interest to be allowed, except as provided in Rules 1019(3), 3003, 3004, and 3005. A lien that secures a claim against the debtor is not void due only to the failure of any entity to file a proof of claim.[1]

Fed. R. Bankr. P. 3002(a).

Subsection (c) of Rule 3002 prescribes the deadline for creditors to file proofs of claim. For non-governmental creditors in a chapter 12 case, proofs of claim must be filed not later than 70 days after the order for relief, subject to seven limited exceptions. Fed. R. Bankr. P. 3002(c)(1)-(7). The failure to file a proof of claim timely is grounds for disallowance of the claim. *See* 11 U.S.C. §502(b)(9); *In re Pajian*, 785 F.3d 1161, 1163 (7th Cir. 2015) (noting "[a] debtor may object – and a court must disallow the claim – if the creditor's proof of claim is not timely filed").

CNH failed to file its proofs of claim timely. Bankruptcy Rule 3002(c)'s 70-day deadline ended on February 26, 2018. CNH did not file its proofs of claim until March 15, 2018 – seventeen days too late. If the story ended here, the court would be compelled to sustain the trustee's claim objections and disallow CNH's claims.

### A. Rule 9006(b) limits the court's ability to extend the proof of claim filing deadlines set under Rule 3001(c) and Rule 3004.

In response to the trustee's claim objections, both CNH and Wulff have asked the court to enlarge proof of claim filing deadlines. CNH asks for an extension of the Rule 3001(c) deadline for non-governmental creditors to file proofs of claim. Wulff asks for an extension of the Rule 3004 deadline for the debtor to file proofs of claim on behalf of creditors that fail to file their own proofs of claim timely.

CNH and Wulff argue that sustaining the trustee's objection and disallowing CNH's claims will kill any chance for the debtor to reorganize his farm under his confirmed chapter 12 plan. They contend that the farm requires the continued use of the tractor and grain cart that are collateral for CNH's claim. If the court disallows CNH's claims, Wulff will not be able to make

---

[1] Prior to the 2017 amendments, there was confusion among bankruptcy courts over whether secured creditors (as opposed to unsecured creditors) needed to file a proof of claim to have an allowed claim. That confusion was ended, at least for parties and courts in this circuit, by *In re Pajian*, 785 F.3d 1161, 1163 (7th Cir. 2015) (holding that both secured and unsecured creditors were required to file proofs of claim and that all creditors "must file a proof of claim in order to participate in Chapter 13 plan distributions"). The 2017 amendments to Rule 3002, effective December 1, 2017, confirmed the Seventh Circuit's view and resolved the issue for all circuits.

payments to CNH through his plan, leaving CNH no choice but to seek relief from the automatic stay to repossess its collateral. Loss of the equipment will preclude completion of the plan, which CNH and Wulff insist, will be bad not just for them, but for all creditors, because the confirmed plan proposes to pay all creditors in full. Creditors will receive less if the collateral is repossessed and the plan fails.[2] CNH and Wulff urge the court to avoid this outcome by enlarging one of the proof of claim deadlines so that CNH's claims can be allowed.

Rule 9006(b) governs requests for extensions of deadlines prescribed by the Bankruptcy Rules. Under Rule 9006(b)(1), the court can generally extend a deadline "for cause," if the party seeking the extension asks before the applicable deadline expires. If the deadline has passed before the request, Rule 9006(b)(1) permits an extension of a deadline only if the moving party establishes "excusable neglect." *In re Schuster*, 428 B.R. 833, 837 (Bankr. E.D. Wis. 2010) (noting "if a debtor or trustee fails to file a claim for a creditor within the time provided by Rule 3004, under a literal reading of the Rules, they may request an extension after the fact, if the debtor or trustee can establish cause and demonstrate excusable neglect"). The general Rule 9006(b) regimen is subject to limitations. Rule 9006(b)(2) identifies certain deadlines that cannot be enlarged, and Rule 9006(b)(3) identifies a series of rules that provide more specific standards that apply to requests for extensions under those particular rules.

CNH's request for an extension of the Rule 3002(c) proof of claim deadline is among those excepted from the general extension request regimen in Rule 9006(b). Wulff's request for an extension of the Rule 3004 deadline is not; it is governed by the general standards in Rule 9006(b).

### 1. CNH cannot establish grounds for an extension of the Rule 3001(c) proof of claim deadline.

Under Rule 9006(b)(3), the court can grant an extension of a non-governmental creditor's deadline to file a proof of claim "only to the extent and under the conditions stated in" Rule 3002(c) itself. Rule 3002(c) provides seven enumerated exceptions to its prescribed proof of claim deadline. The only exception arguably applicable here is Rule 3002(c)(6), which permits the court to extend the proof of claim deadline by no more than 60 days if the court finds that:

> (A) the notice was insufficient under the circumstances to give the creditor a reasonable time to file a proof of claim *because the debtor failed to timely file the list of creditors' names and addresses required by Rule 1007(a)*; or

---

[2] The trustee does not dispute that disallowing CNH's claims would likely be the death-knell of Wulff's plan and is likely not in anyone's best interests. At a preliminary hearing, the trustee suggested the trustee had no choice but to object to the untimely proofs of claim. The court is unaware of any authority that requires the trustee to object. Having a right to perform an act is distinct from actually exercising that right. Where the exercise of a right to make a claim objection would be contrary to the best interests of the debtor's estate and unsecured creditors, the trustee should use discretion and withhold the objection.

> (B) the notice was insufficient under the circumstances to give the creditor a reasonable time to file a proof of claim, *and the notice was mailed to the creditor at a foreign address*.

Fed. R. Bankr. P. 3002(c)(6) (emphasis added).

Here, the record establishes that CNH did not receive notice in reasonable time to file a proof of claim. If insufficient notice alone were grounds for an extension, CNH would be entitled to one. But the rule requires more – the insufficient notice must result from one of the two conditions outlined in the rule. Neither condition is present here. Wulff did not fail to file his creditor matrix timely – he filed it on December 12, 2017, the same day he filed his petition. And notice was not mailed to CNH at a foreign address, the invalid address Wulff's counsel provided was in Pennsylvania. Accordingly, CNH cannot establish either of the limited grounds that would authorize the court to extend the proof of claim deadline under Rule 3002(c)(6).[3]

### 2. Wulff's ability to show excusable neglect is questionable.

Recognizing that the grounds to extend the creditor's proof of claim deadline are limited, Wulff filed his own proofs of claim on CNH's behalf and now asks the court to extend the deadline for doing so under Rule 3004. As explained above, to grant this request, Rule 9006(b)(1) requires the court to find "excusable neglect."

The Supreme Court has described "excusable neglect" as an equitable standard that requires the court to take account of "all relevant circumstances surrounding the party's omission." *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship.*, 507 U.S. 380, 395 (1993). In *Pioneer*, the Supreme Court identified four non-exclusive factors that a court should weigh in analyzing excusable neglect: (1) prejudice to the opposing party; (2) the length of delay and potential impact on proceedings; (3) the reason for the delay, including whether it was in the reasonable control of the movant; and (4) the movant's good faith. A party seeking to enlarge a deadline that has already expired under Rule 9006(b)(1) must also explain why the party did not seek an enlargement *before* the deadline expired. *See In re Kmart Corp.*, 381 F.3d 709, 715 (7th Cir. 2004) (noting reason for delay is an "immensely persuasive" factor). Otherwise, the court risks ignoring the distinction between the lesser standard of granting an extension for "cause" and the higher level of proof required to show "excusable neglect." *See, e.g., In re Duarte*, 146 B.R. 958, 962 (Bankr. W.D. Tex. 1992) ("Debtors especially are cautioned to bear in mind that they will have a heavy burden to meet in order to establish cause and excusable neglect in order to file a claim for a creditor after the deadline imposed by Rule 3004.").

As is often the case, the equities here point in different directions. The strongest factor in Wulff's favor is the lack of prejudice to any opposing party. Even the trustee agrees that

---

[3] In *In re Mazik*, 592 B.R. 812, 818 (Bankr. E.D. Penn. 2018), the court held that a creditor that was not listed at all on a debtor's Rule 1007(a) matrix was entitled to an extension of the proof of claim filing deadline under Rule 3002(c)(6)(A). The court reasoned that the failure to include the creditor on the matrix meant that the debtor had not complied with Rule 1007(a) in a timely fashion. While the *Mazik* result has equitable appeal, it is hard to reconcile with the plain terms of the rule. The filing of an incomplete list is not the same as the failure to file one timely altogether.

granting an extension would benefit all creditors and not just CNH and Wulff. The other factors largely cut against Wulff, however. The ability to avoid this entire issue was within Wulff's control. Had Wulff's counsel provided a valid address for CNH to begin with, or acted promptly after being alerted to the problem, he would have enabled CNH to file its proof of claim timely. Moreover, when CNH failed to file its proofs of claim by February 26, 2018, Rule 3004 gave Wulff 30 days, until March 28, 2018, to file them on CNH's behalf. Instead of doing so, Wulff waited until December 12, 2018 – almost nine months after the Rule 3004 deadline passed – to seek an extension of the deadline and to file proofs of claim. And he undertook this effort only after missing a key preliminary hearing concerning CNH's untimely proofs of claim.

The court need not stretch the bounds of equity to save Wulff's reorganization plan. As explained below, the court's non-appealed confirmation order precludes the trustee's claim objections in any event.

## B. Confirmation of Wulff's amended plan makes the plan's terms binding.

Notwithstanding CNH's failure to file a timely proof of claim, Wulff proposed a plan that provided for CNH's claims. The initial plan and all three amended plans call for the chapter 12 trustee to pay CNH consistent with the terms of CNH's late-filed proofs of claim. Despite having four months of time, during which the court held three confirmation hearings, the trustee did not object to any of the proposed plans on grounds related to the proposed payments to CNH or the untimeliness of its proofs of claim. Indeed, at the June 20, 2018 confirmation hearing, the trustee's objections to confirmation were withdrawn and the trustee reported she was "satisfied" with the Third Amended Plan. At the July 20, 2018 continued confirmation hearing, the trustee confirmed that position and, when the court asked if she recommended the plan for confirmation, she said "yes." Based in part on that recommendation, the court confirmed the Third Amended Plan on July 23, 2018. No party appealed that confirmation order.

In *In re Harvey*, 213 F.3d 318 (7th Cir. 2000), the Seventh Circuit held that a confirmed chapter 13 plan is entitled to *res judicata* effect. The Court of Appeals called it "well-established" that a party with adequate notice of a bankruptcy proceeding cannot ordinarily attack a confirmed plan. The court explained that "after the affected parties have an opportunity to present their arguments and claims, it is cumbersome and inefficient to allow those same parties to revisit or recharacterize the identical problems in a subsequent proceeding." *Id.* at 321. The Court of Appeals then reversed a district court decision that had allowed a secured creditor's late challenge to the treatment of its claim in a confirmed plan. Because the creditor did not raise its argument prior to confirmation, or appeal the confirmation order directly, the Seventh Circuit held the confirmation order bound the creditor to its treatment in the plan.

The Supreme Court has likewise recognized the *res judicata* effect of a confirmation order. In *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260 (2010), the Supreme Court held that an order confirming a plan is entitled to *res judicata* effect even when based on legal error. The plan in *Espinosa* provided for the discharge of student loan debts, although no adversary proceeding had been filed and no determination of "undue hardship" made. "Where, as here, a party is notified of a plan's contents and fails to object to confirmation of the plan

before the time for appeal expires, that party has been afforded a full and fair opportunity to litigate, and the party's failure to avail itself of that opportunity will not justify" relief from the confirmation order. *Id*. at 276.

Finally, in *In re Kitzerow*, 573 B.R. 766 (Bankr. W.D. Wis. 2017), Judge Furay held that language in a chapter 13 debtor's confirmed plan providing for payments to a secured creditor was enforceable even where the secured creditor had not filed a proof of claim.

While *Harvey, Espinosa*, and *Kitzerow* are all chapter 13 cases, nothing in those courts' analyses would make the decisions inapplicable to chapter 12. Indeed, the reasoning of all three courts applies with equal force in the chapter 12 context. Accordingly, consistent with those cases, the court concludes that the chapter 12 trustee is bound by the confirmation order and cannot re-litigate the plan's treatment of CNH's claims by a claim objection.[4]

## CONCLUSION

Because the court's July 23, 2018 confirmation order is binding, the trustee's objection to CNH's late-filed proof of claim is overruled. CNH's proofs of claim are allowed as filed. The pending motions to extend time are denied as moot and the trustee is directed to disburse plan payments consistent with the confirmed plan.

Dated February 11, 2019,

_____
Brett H. Ludwig
United States Bankruptcy Judge

---

[4] In describing the effect of confirmation, section 1227 curiously does not list the chapter 12 trustee among those who are specifically bound by a confirmed plan. That omission does not, however, alter the underlying law of *res judicata*, as applied by the Seventh Circuit in *Harvey* and the Supreme Court in *Espinosa*.